IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES EBERSBACH,**
**Plaintiff,**

v.

Case No. 07-CV-1223
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

**VILLAGE OF MCARTHUR, et al.,**
**Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Defendant's Motion to Dismiss. (Doc. # 7). For the reasons that follow, the motion is granted in part and denied in part.

### I.

Plaintiff James Ebersbach seeks damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111. Plaintiff claims that Defendants, the Village of McArthur, former Village Mayor Robert L. Dodrill, Jr., and Village Chief of Police Anthony Wood violated Federal and state law by failing to pay overtime. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

Plaintiff was employed by the Village of McArthur as a paid auxiliary police officer from June 2004 until August 22, 2007. (Compl. ¶¶ 9, 10, 14.) Defendant Robert L. Dodrill was the Mayor of the Village of McArthur during Plaintiff's employment and supervised Plaintiff. (Id. at 4, Aff. ¶ 1.) Defendant Anthony Wood is the Chief of Police of the Village of McArthur and

1

also supervised Plaintiff. (Compl. ¶ 5.) Defendants do not dispute that they are "employers" within the meaning of the FLSA or Ohio Rev. Code § 4111.

Plaintiff seeks overtime compensation, at a rate of at least one and one-half times his regular rate of pay, for the hours of overtime he worked while employed by the Village. (Compl. ¶ 12.) Plaintiff's Complaint also alleges that Defendants retaliated against him in violation of the FLSA and Ohio Rev. Code § 4111. (Compl. ¶¶ 16, 21, 26.)[1]

Defendants move to dismiss Plaintiff's overtime claims on the grounds that the Village of McArthur employed fewer than five law enforcement officers during the time of Plaintiff's employment, thereby exempting the Village from the overtime pay provisions of the FLSA. Also, because police officers are expressly excluded from the definition of "employee" under Ohio Rev. Code § 4111, Defendants seek dismissal of Plaintiff's claim for overtime pay under state law.

## II.

Although Defendants have moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the motion is supported by materials outside the pleadings, specifically, the affidavit of Robert L. Dodrill, Jr. In deciding a motion to dismiss a complaint under Rule 12(b)(6) the Court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice. *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993). Rule 12(b) gives the Court discretion to accept and consider extrinsic materials; if matters outside the pleadings are considered, the motion is converted to one for summary judgment. *See Shelby County Health*

---

[1] Defendants move to dismiss two of the three claims raised in Plaintiff's complaint; Plaintiff's retaliation claim was not addressed by the parties, and is not affected by this Opinion and Order.

2

*Care Corp. v. Southern Council of Industrial Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (describing discretionary use of Rule 12 to consider extrinsic materials and to convert a motion to dismiss into a Rule 56 summary judgment motion). Rule 12(b) states:

> If, on a motion asserting a defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

"'Whether notice of conversion is required or not depends on the facts and circumstances of each case.'" *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975)). The Sixth Circuit Court of Appeals in *Dayco* held that "'defendants' filing of affidavits with their motion essentially converted it into a motion for summary judgment, F.R. 12(b), and placed upon plaintiffs an obligation to reveal the merits of their case.'" 523 F.2d at 392 (quoting *Cook v. Hirschberg*, 258 F.2d 56, 57-58 (2d Cir. 1958)). The Fourth Circuit has also found that "when a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Both parties have submitted material outside of the pleadings in support of their arguments. Therefore, the Court will consider the Defendants' motion to dismiss as one for summary judgment, and will analyze the issues following the summary judgment standard of review found in Rule 56(c) of the Federal Rules of Civil Procedure.

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

3

as to any material fact and that the movant is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita,* 475 U.S. at 586). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

4

## III.

### A.     Fair Labor Standards Act

Plaintiff alleges that, under the FLSA, he is entitled to time-and-a-half pay for the overtime hours that he worked in his capacity as Sergeant and Acting Chief. Defendants maintain that the overtime pay provisions of the FLSA do not apply to the Village of McArthur because the Village employed fewer than five law enforcement officers during the relevant time period. In response, Plaintiff submitted a roster of Village employees as of January 17, 2007, appearing to show that the Village employed and paid at least five law enforcement officers while Plaintiff was also employed by the Village. (*See* Ebersbach Aff. ¶¶8, 9, 11.) Yet Defendant Dodrill's Affidavit states that, based on his personal knowledge from having signed the paychecks of Village employees, the Village did not employ more than five paid law enforcement officers at any time during Plaintiff's employment. (Dodrill Aff. ¶ 2.) Defendants claim that the auxiliary officers were unpaid volunteers.

FLSA § 213(b)(20) states that the maximum hour requirements of § 207 shall not apply to:

> Any employee of a public agency who in any workweek is employed in fire protection activities or any employee of a public agency who in any workweek is employed in law enforcement activities (including security personnel in correctional institutions), if the public agency employs during the workweek less than 5 employees in fire protection or law enforcement activities, as the case may be.

29 U.S.C. 213(b)(20). This section "provides a complete overtime pay exemption for any employee of a public agency engaged in fire protection or law enforcement activities, if the public agency employs less than five employees in such activities." 29 C.F.R. 533.32(b).

In *Cleveland v. City of Elmendorf*, 388 F.3d 522 (5th Cir. 2004), the Court of Appeals for the Fifth Circuit affirmed summary judgment in favor of the City of Elmendorf on police officers' FLSA overtime claims for violations. The City of Elmendorf employed fewer than five law enforcement officers, and all other law enforcement staff members were unpaid volunteers ineligible for pay. *Id.* at 526. The court applied and interpreted the definition of "volunteer" found in the Code of Federal Regulations.

> An individual who performs hours of service for a public agency for civic, charitable, or humanitarian reasons, without promise, expectation or receipt of compensation for services rendered, is considered to be a volunteer during such hours. 29 C.F.R. § 553.101(a).
>
> The regulations provide examples of services which might be performed on a volunteer basis when so motivated. See 29 C.F.R. § 553.104(b). This list includes auxiliary police, but the question of "volunteer" status still remains because auxiliary police are volunteers only "when so motivated." *Id.*
>
> Certainly, the law requires more than simply labeling workers as volunteers to qualify for volunteer status under the FLSA. The regulatory definition of "volunteer" has two parts: (1) a civic, charitable, or humanitarian reason for performing hours of service for a public agency, and (2) an absence of a promise, expectation or receipt of compensation for the performance of those services. *See* C.F.R. 553.101(a); *see also Krause v. Cherry Hill Fire Dist. 13*, 969 F. Supp. 270, 276 (D.N.J. 1997). This definition should be interpreted in the light of the Supreme Court's definition of volunteer as "an individual who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295, 85 L. Ed. 2d 278, 105 S. Ct. 1953 (1985) (internal citations omitted). Because this definition by the Supreme Court preceded the regulation's promulgation, it is useful in understanding the intended scope of the regulation.

388 F.3d at 526-27.

Considering the facts set out in the parties' memoranda and affidavits, the Court concludes that there are genuine issues of material fact as to whether the Village of McArthur employed more than five law enforcement officers, and whether its auxiliary police officers were

"volunteers" during the time of Plaintiff's employment. These issues of fact prevent the Court from holding that Defendants are exempt from the FLSA's overtime provisions as a matter of law. Defendants' motion for summary judgment on Plaintiff's FLSA claim is **DENIED**.

### B. Ohio Minimum Fair Wage Standards Act

Plaintiff alleges that, under Ohio Rev. Code § 4111, he was entitled to time-and-a-half pay for all overtime hours that he worked for Defendants.[2] The Ohio Act states:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 20 U.S.C.A. 207, 213, as amended.

Ohio Rev. Code § 4111.03(A). Defendants maintain that police officers are excluded from the definition of "employee" under § 4111, and that Plaintiff is therefore not entitled to overtime pay under Ohio law. The statute contains the following definition and exclusion:

> (D) "Employee" means any individual employed by an employer but does not include:
>
> * * *
>
> (7) a member of a police or fire protection agency or student employed on a part-time or seasonal basis by a political subdivision of this state.

*Id.* at § 4111.03(D)(3)(f).

Several Ohio courts have dismissed overtime claims based on this exclusion. *Waltmire v. Washington Twp.*, 116 Ohio Misc. 2d 30, 764 N.E.2d 520 (Lucas 2001) (*citing Meeks v. Popadopulos*, 62 Ohio St. 2d 187, 404 N.E.2d 159 (Ohio Sup. Ct. 1980)) (affirming dismissal of

---

[2] This Court exercises supplemental jurisdiction over Plaintiff's state law overtime claim because the state law claim is so related to the federal claim, over which the Court has original jurisdiction, that they form part of the same case or controversy. 28 U.S.C. § 1367 (2008); *see City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156 (1997), *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

7

state-law overtime claim brought by full-time deputy sheriffs and clarifying that the exemption applied to all members of police or fire protection agencies, not just to seasonal employees).

Plaintiff did not respond to Defendants' exclusion argument and therefore has not created a genuine issue as to any material fact that would preclude summary judgment on this claim. The Court hereby **GRANTS** summary judgment in favor of Defendants on Plaintiff's state law claim for overtime under Ohio Rev. Code § 4111.

### IV.

For the foregoing reasons, Defendants' Motion (Doc. #7) is **GRANTED in part** and **DENIED in part.**

**IT IS SO ORDERED.**

6-9-2008
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE